UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HEYWARD JOHNSON JR.,                                :

                 Plaintiff,                 :        08 Civ. 11373 (LAK) (GWG)

    -v.-                                              :        REPORT AND
                                                                            RECOMMENDATION
VERIZON,                                                 :

                 Defendant.            :
-------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Heyward Johnson Jr., proceeding pro se, has sued Verizon for employment

discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17

("ADA"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97; and the New

York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131. Johnson alleges that

Verizon wrongfully terminated him after he received a diagnosis of depression and that it

improperly failed to rehire him. Verizon has moved to dismiss Johnson's complaint. For the

reasons stated below, Verizon's motion should be granted because Johnson did not timely file

suit.

I.      BACKGROUND

        A.     Facts

Except as otherwise noted, the following facts are not in dispute.

           1.     Employment and 2002 Termination

Johnson was employed by Verizon beginning on September 21, 1981. See Amended

Complaint, filed Mar. 17, 2009 (Docket # 6) ("Am. Compl."), at 3A.[1]  On July 9, 2001, Johnson

took a leave of absence based on a medical disability diagnosed as depression.  See Johnson's

Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC")

(June 25, 2007) ("2007 EEOC Compl.") (annexed as Ex. B to Affirmation of Michael A. Kalish

in Support of Defendant's Motion to Dismiss the Amended Complaint) (Docket # 9) ("Def.

Aff."), at 5.  In July 2002, after exhausting his allotted leave of absence and unable to return to

work, Johnson was terminated from his position and elected to receive a pension under the

Verizon Disability Pension Plan ("the Plan").  See Am. Compl. at 3A; Plaintiff's Affirmation in

Opposition to Defendant's Motion to Dismiss, filed June 22, 2009 (Docket # 13) ("Pl. Aff."), at

2; Verizon Pension Plan Pension Election Authorization Form (Sept. 26, 2002) (annexed as Ex.

C to Def. Aff.), at 1.  Johnson has received monthly pension payments under the Plan since July

26, 2002.  See id.  In addition, Johnson receives payments for disability from the Social Security

Administration.  See Am. Compl. at 3; Pl. Aff. at 2.

### 2.     2003 Complaint, Stipulation, and Dismissal

On May 14, 2003, Johnson filed a complaint against Verizon in the United States District

Court for the Southern District of New York asserting that Verizon had discriminated and

retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e to 2000e-17 ("Title VII") and the ADA ("2003 Action").  See Complaint, filed May

14, 2003 (annexed as Ex. D to Def. Aff.) ("2003 Compl.").  The 2003 Action arose out of a

sexual harassment complaint filed in 1993 with the New York City Commission on Human

_____

[1] Where necessary, the Court has added page numbers to this document and other
documents.

Rights, leading to Johnson's termination in 1997, his subsequent rehiring in 1998, and Verizon's

alleged discrimination in failing to promote him in 1999. See 2003 Compl. ¶ 8. The complaint

in the 2003 Action alleged discriminatory acts occurring from "1993-2001" and did not raise any

claims related to his termination in July 2002. Id. ¶ 5. On November 19, 2003, the 2003 Action

was dismissed by stipulation. See Stipulation of Dismissal with Prejudice, filed Nov. 26, 2003

(annexed as Ex. E to Def. Aff.).

### 3. 2005 Correspondence Regarding Rehiring

On September 23, 2005, Johnson received a letter from the Verizon Benefits Delivery

Disability Processing Unit stating that the medical documentation of his condition no longer

supported a finding of total disability as defined by the Plan. See Pl. Aff. at 2; Letter from

Verizon to Heyward Johnson (Sept. 23, 2005) (annexed as Ex. F to Def. Aff.) ("September 23

Letter"), at 1. The September 23 Letter also stated that Johnson would be eligible for rehire by

Verizon and that he would be considered for open positions on the basis of "priority and

seniority status as defined by Verizon Labor Relations." Id. The September 23 Letter stated that

Johnson would continue to receive his pension under the Plan until a job offer was extended to

him by Verizon. Id.

Johnson asserts that Verizon has never extended an offer for reinstatement or given him

notice of any open positions in accordance with the September 23 Letter. See Am. Compl.

at 3A; Pl. Aff. at 2. Despite applying for available positions, Johnson has not been rehired. Am.

Compl. at 3A.

### 4. Plaintiff's 2007 EEOC Charge and Notice of Right to Sue

On June 25, 2007, Johnson filed a charge with the Equal Employment Opportunity

3

Commission ("EEOC") alleging that Verizon discriminated against him on the basis of his disability when he was terminated in 2002 and when it failed to rehire him in September 2005. 2007 EEOC Compl. at 5.  On July 14, 2008, the EEOC mailed Johnson a document entitled "Dismissal and Notice of Rights."  See Dismissal and Notice of Rights (annexed as Ex. G to Def. Aff.); Am. Compl. at 4A.  In an accompanying letter, Johnson was informed that the dismissal of his action was final and that he was entitled to pursue his claims by "filing a lawsuit in Federal District Court within 90 days" of receipt of the Dismissal and Notice of Rights.  See Letter from Spencer H. Lewis Jr. to Heyward Johnson (July 11, 2008) (annexed as Ex. G to Def. Aff.) ("Right to Sue Letter"); Am. Compl. at 1D.  The Dismissal and Notice of Rights repeated this requirement, stating:

> You may file a lawsuit against respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost.

Dismissal and Notice of Rights at 1 (emphasis in original); Am. Compl. at 4A.

In addition, the Dismissal and Notice of Rights included a form entitled "Information Related to Filing Suit Under the Laws Enforced by the EEOC" that stated:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. . . . Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.

Dismissal and Notice of Rights at 2 (emphasis in original).

Johnson's original complaint, signed under penalty of perjury, stated that he received the Right to Sue Letter on July 23, 2008.  See Complaint, filed Nov. 25, 2008 (Docket # 2)

4

("Compl."), at 4.[2]

On July 30, 2008, Johnson wrote to the EEOC asserting his disagreement with their handling of his charge and asking the EEOC to "look into this matter further."  See Letter from Heyward Johnson to Spencer H. Lewis Jr. (July 30, 2008) (annexed as Ex. I to Def. Aff.) ("July 30 Letter").  An undated letter from Spencer H. Lewis Jr. to Heyward Johnson stated that it was sent in response to Johnson's July 30 Letter, declined to overturn the EEOC's earlier determination, and in its penultimate paragraph informed Johnson that:

> a request for reconsideration does not extend or eliminate the statutory 90-day period for pursuing this matter in court.  If a private lawsuit is not filed within 90 days of your receipt of the Notice of Right to Sue, the right to sue for the charge will be lost and cannot be restored by EEOC.

Letter from Spencer H. Lewis Jr. to Heyward Johnson (undated) (attached as Ex. K to Def. Aff.).  On September 4, 2008, Johnson again wrote to the EEOC, asserting that Verizon had posted job openings that Verizon had not offered him.  Letter from Heyward Johnson to Sean Oliveira (Sept. 4, 2008) (annexed as Ex. J to Def. Aff.) ("September 4 Letter").  Spencer H. Lewis Jr. of the EEOC wrote a second letter to Johnson stating that it was in response to both the July 30 and the September 4 letters and informing Johnson that the EEOC declined to review his request to reconsider its findings.  See Am. Compl. at 1E ("November 2008 Letter").[3]  The November 2008 Letter again stated:

---

[2] As is described further below, while Johnson later filed an Amended Complaint asserting that he received his right to sue letter on November 16, 2008, see Am. Compl. at 4, we do not accept this date for purposes of this motion.

[3] Johnson alleges that he received "the second letter . . . rejecting my appeal" – plainly referring to the second Lewis letter – in November.  See Am. Compl. at 1A.  Accordingly, we will assume Lewis's second letter was written in November.

a request for reconsideration does not extend or eliminate the statutory 90-day
period for pursuing this matter in court.  If a private lawsuit is not filed within 90
days of your receipt of the Notice of Right to Sue, the right to sue for the charge
will be lost and cannot be restored by EEOC.

Id.

B.      Procedural History

On November 25, 2008, Johnson submitted to the Pro Se Office his complaint in the

instant employment discrimination action.  See Compl.  Because Johnson's complaint reflected

that it had been submitted more than 90 days after Johnson received his Right to Sue Letter, the

Court sua sponte ordered Johnson to amend his complaint within 60 days to "provide facts to

show that his failure to file timely was caused by more than 'excusable neglect,' and that he

acted with diligence in his attempts to comply."  Order, filed Dec. 31, 2008 (Docket # 3) ("2008

Order"), at 3.[4]  Johnson filed his amended complaint on March 17, 2009.  See Am. Compl.

Verizon has now moved to dismiss the complaint on a number of grounds, including

failure to timely file the original action, failure to timely file the amended complaint, and res

judicata.  Memorandum in Support of Defendant's Motion to Dismiss, filed June 15, 2009

(Docket # 12) ("Def. Mem."), at 7-12.[5]  We reach only the issue of the timeliness of the original

complaint as it suffices to dispose of this case.

_____

[4] Because Johnson had mistakenly checked the Title VII box on the complaint form,
Johnson was also granted leave to amend his complaint to indicate that he was raising a claim
under the ADA.  2008 Order at 2.

[5] See Notice of Motion, filed June 15, 2009 (Docket # 11); Notice to Pro Se Litigant
Opposing Motion to Dismiss, filed June 15, 2009 (Docket # 10) ("Pro Se Notice"); Def. Mem.;
Def. Aff.  Johnson responded with an affirmation.  See Pl. Aff.  Verizon filed a reply brief.  See
Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss, filed July 2,
2009 (Docket # 15).

II.     DISCUSSION

      A.     Standard of Review

          1.     Conversion of Defendant's Motion

While Verizon has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it has also included in its papers some documents not contained in the pleadings. Where such materials are considered by a court, "the motion must be treated as one for summary judgment," disposed of as provided in Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); accord Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (where materials outside the pleadings are presented on a motion to dismiss, a court "must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material") (citations and internal quotations omitted). Before treating the motion as one for summary judgment, however, the court must be assured that there is no dispute regarding the "authenticity or accuracy" or "relevance" of the documents considered. Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (citations omitted). Additionally, a court must ask whether the parties "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment" or whether they were "deprived of a reasonable opportunity to meet facts outside the pleadings." In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985), cert. denied, 475 U.S. 1015 (1986).

In accordance with Local Civil Rule 12.1, Verizon served Johnson a "Notice to Pro Se Litigant Opposing its Motion to Dismiss." See Pro Se Notice. That notice warned Johnson that this Court might treat Verizon's motion as a motion for summary judgment under Fed. R. Civ.

P. 56, and informed Johnson of his obligation to submit evidence.  Id. at 1-2.  It also informed

Johnson that if he did not provide "affidavits or documentary evidence contradicting the facts

asserted by the defendant, the court may accept defendant's factual assertions as true."  Id. at 2.

It is appropriate to treat Verizon's motion as one for summary judgment because Johnson

was put on notice of the possibility of such treatment, he was informed of his obligation to

submit evidence contradicting the facts asserted by Verizon, and in fact he submitted an

affirmation in response to Verizon's papers.  See Pl. Aff.; see, e.g., In re G. & A. Books, Inc.,

770 F.2d at 295 ("A party cannot complain of lack of a reasonable opportunity to present all

material relevant to a motion for summary judgment when both parties have filed exhibits,

affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to

dismiss.") (citation omitted); accord Groden v. Random House, Inc., 61 F.3d 1045, 1052-53 (2d

Cir. 1995).  Furthermore, Johnson does not dispute the authenticity, accuracy, or the relevance of

the documents submitted by Verizon.

2.    Law Governing Motions for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is

appropriate when "the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact

"may reasonably be resolved in favor of either party" and thus should be left to the finder of fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

In determining whether a genuine issue of material fact exists, courts must resolve all

ambiguities and draw all factual inferences in favor of the non-moving party.  Id. at 255 (citing

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Nevertheless, once the moving

party has shown that there is no genuine issue as to any material fact and that it is entitled to a

judgment as a matter of law, "the nonmoving party must come forward with 'specific facts

showing there is a genuine issue for trial,'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not

rely on conclusory allegations or unsubstantiated speculation," Jeffreys v. City of N.Y., 426 F.3d

549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir.

2001) (internal quotations omitted)).  In sum, the non-movant must offer "concrete evidence

from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.

      B.    Analysis

          1.    Administrative Deadline for Filing Suit in the District Court

     The ADA adopts the procedures for suits under Title VII.  See 42 U.S.C. § 12117(a);

Nash v. Human Dev. Res., 2003 WL 22871911, at *4 (S.D.N.Y. Dec. 4, 2003).  Because a suit

under Title VII must be filed within 90 days after receipt of a Right to Sue Letter from the

EEOC, see 42 U.S.C. § 2000e-5(f)(1); Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 149

(per curiam), reh'g denied, 467 U.S. 1231 (1984), a suit under the ADA must similarly be filed

within 90 days.  See, e.g., Nash, 2003 WL 22871911, at *4 (S.D.N.Y. Dec. 4, 2003); Toolan v.

Bd. of Educ., 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003).  "[I]n the absence of a

recognized equitable consideration, the court cannot extend the limitations period by even one

day."  Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (citation and

internal quotation marks omitted); see also Nash, 2003 WL 22871911, at *6 (dismissing ADA

action filed 97 days after receipt of Right to Sue Letter); Moscowitz v. Brown, 850 F. Supp.

1185, 1191-92 (S.D.N.Y. 1994) (dismissing pro se Title VII complaint filed 91 days after receipt of Right to Sue Letter).

To determine whether Johnson's complaint was timely, the Court must determine first the date of "receipt" of the notice of the right to sue under § 2000e-5(f)(1). The construction of the term "receipt" includes two applicable presumptions. First, it is presumed that a mailed document is received three days after the date on which it was sent. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (citing Baldwin, 466 U.S. at 148 n.1). Second, there is a presumption that a notice mailed by a government agency was sent on the date shown on the document. See id. at 526. A plaintiff may rebut these presumptions by setting forth sworn testimony or other admissible evidence to show that receipt by mail took longer than three days or that the notice was mailed later than the date shown. Id. In this case, the "Dismissal and Notice of Rights" is dated July 14, 2008. The accompanying Right to Sue Letter is dated July 11, 2008. In his original complaint, Johnson stated under penalty of perjury that he received the "Notice of Right to Sue letter" on July 23, 2008. Compl. at 4. The Court views this sworn statement as sufficient to overcome the three-day presumption and thus accepts July 23, 2008 as the receipt date.

Johnson's amended complaint asserts that he received the "Notice of Right to Sue letter" on November 16, 2008. See Am. Compl. at 4. Johnson gives no explanation, however, for the change in this date. Nor is it possible that the November 16 date is correct for the simple reason that Johnson wrote letters on July 30, 2008 and September 4, 2008, complaining about the dismissal of his case. See July 30 Letter (stating that "the case was mishandled and dismissed in error"); September 4 Letter. It would seem, therefore, that what Johnson really intended to say is

that he believes the November 2008 Letter is the proper letter from which to measure the timeliness of his suit. The November 2008 Letter, however, merely responded to Johnson's own letters and thus did not constitute the "notice" that the EEOC had "dismissed" Johnson's charge of discrimination. 42 U.S.C. § 2000e-5(f)(1). The July 14, 2008 document by contrast, informed Johnson that his charge had been dismissed, was entitled "Dismissal and Notice of Rights," and indicated that it was a "notice of dismissal." See Dismissal and Notice of Rights at 1-2.

Because Johnson previously swore that he received the Right to Sue Letter on July 23, 2008, and because his contrary assertion regarding the November receipt date is unexplained and is rebutted by all the other evidence in the record, no reasonable factfinder could conclude that he received the Right to Sue Letter on November 16, 2008, rather than on July 23, 2008.

Johnson was thus required to file his complaint within 90 days of July 23, 2008, or by October 21, 2008. Because Johnson was granted relief to proceed in forma pauperis, see Order, filed Dec. 31, 2008 (Docket # 3), the relevant filing date is the date the complaint was received by the Pro Se Office, or November 25, 2008, see Ortiz v. Cornetta, 867 F.2d 146, 147-48 (2d Cir. 1989); Rosenberg v. Martin, 478 F.2d 520, 522 n.1a (2d Cir.), cert. denied, 414 U.S. 872 (1973). This date is 125 days after receipt of the Right to Sue Letter, however, and as a result the complaint was not timely filed.

### 2. The Equitable Tolling Doctrine

We next consider whether Johnson can benefit from the doctrine of equitable tolling, which is available in some instances to toll statutory filing deadlines. The Second Circuit has made clear that the equitable tolling doctrine is "only appropriate in rare and exceptional

11

circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citations and internal punctuation omitted).  The burden of demonstrating the application of equitable tolling rests with the plaintiff.  See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).  A district court must consider whether the party seeking equitable tolling "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).

Johnson has failed to demonstrate that the statutory deadline should be equitably tolled in his case.  The EEOC's notice to Johnson explicitly informed him of the 90-day deadline and the consequences of failing to meet it.  It stated the requirement in plain terms and multiple times. Johnson made no effort at all to file his complaint prior to this deadline.  Instead, he wrote letters to the EEOC complaining about the dismissal of his case.  The EEOC never led Johnson to believe that these letters had any effect on the deadline.  Indeed, the letter from Lewis to Johnson (annexed as Ex. K to Def. Aff.), responding to the July 30 Letter stated the opposite: it informed Johnson that his pending request for reconsideration would have no effect on the 90-day deadline.

The Supreme Court has allowed equitable tolling where: (1) "a claimant has received inadequate notice," (2) "a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon," (3) "the court has led the plaintiff to believe that she had done everything required of her," or (4) "affirmative misconduct on the part

12

of a defendant lulled the plaintiff into inaction." Baldwin, 466 U.S. at 151 (citations omitted).

Lower courts have commonly considered the four Baldwin categories in their analysis of

equitable tolling.  See, e.g., Rosquist v. N.Y. Univ. Med. Ctr., 1998 WL 702295, at *5 (S.D.N.Y.

Oct. 7, 1998), aff'd, 199 F.3d 1323 (2d Cir. 1999); Edinboro v. Dep't of Health & Human Servs.,

704 F. Supp. 364, 366 (S.D.N.Y. 1988).  None of them is applicable here.  As previously

discussed, the EEOC's notice was more than adequate.  There was no motion for an appointment

of counsel pending.  This Court had no contact with plaintiff during the limitations period and

thus never led him to believe that he could delay filing his complaint.  Nor is there any evidence

that Verizon had contact with Johnson during this period, let alone that it committed affirmative

misconduct.

Johnson argues that he believed that his continued correspondence with the EEOC would

stop the running of the limitations period and that he was not informed otherwise. Pl. Aff. at 2-3.

But Johnson does not address the fact that the EEOC's letters to him indeed specifically

informed him otherwise.  Moreover, Johnson's own view as to the effect of his correspondence

on the statutory deadline does nothing to show that he acted diligently in his effort to file suit;

nor is it the sort of "extraordinary circumstance" that could justify equitable tolling.  As one case

has noted, "[e]quitable tolling is available 'only when the plaintiff's failure to meet a deadline is

the result of someone else's error.'"  Cherry v. Potter, 2005 WL 1085119, at *3 (S.D.N.Y. May

5, 2005) (quoting German v. Pena, 88 F. Supp. 2d 216, 219-22 (S.D.N.Y. 2000)).  Indeed, in

Gonzalez v. FedEx Co., 1996 WL 346968 at *3 (S.D.N.Y. June 24, 2006), the court held that

"[t]he 90-day period is not tolled when the only action is a claimant's request for reconsideration

of the EEOC's Determination."  Id. (citing McCray v. Corry Manu. Co., 61 F.3d 224, 228 (3d

13

Cir. 1995) (internal punctuation omitted)).

Because Johnson did not timely file his complaint and is not entitled to equitable tolling

of the 90-day statutory deadline, his complaint must be dismissed as time-barred.[6]

Conclusion

For the foregoing reasons, defendant's motion to dismiss (Docket # 11) should be

granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have ten (10) days from service of this Report and Recommendation to

serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any

responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon.

Lewis A. Kaplan, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any

request for an extension of time to file objections must be directed to Judge Kaplan.  If a party

fails to file timely objections, that party will not be permitted to raise any objections to this

Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985).

---

[6] Johnson's complaint also relies on the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97 and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, as bases for his suit.  Am. Compl. at 1.  Federal courts have "supplemental jurisdiction" over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367(a).  Nonetheless, a district court should normally decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c)(3); accord United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995).  Here, the ADA claim provided the only basis for federal jurisdiction.  Thus, the Court should decline to exercise supplemental jurisdiction over Johnson's state law claims.

14

Dated:  September 21, 2009
　　　　　New York, New York

                                               GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge

Copies sent to:

Heyward Johnson Jr.
45 W. 139th Street, Apt. 17J
New York, NY 10037

Michael A. Kalish
Beth H. Citron
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211

15